**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HARMONY PRIMA LOFTS, LLC,

                              Plaintiff,                    1:22-cv-00401 (BKS/ATB)

v.

GREAT AMERICAN ALLIANCE INSURANCE
COMPANY,

                              Defendant.

**Appearances:**

*For Plaintiff:*
Jules A. Epstein
Jules A. Epstein, P.C.
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753

*For Defendant:*
Mark R. Vespole
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
200 Campus Drive
Florham Park, NJ 07932

**Hon. Brenda K. Sannes, United States District Judge:**

### ORDER TO SHOW CAUSE

Defendant Great American Alliance Insurance Company removed this action from New

York State Supreme Court, Albany County, asserting that this Court has subject-matter

jurisdiction over Plaintiff Harmony Prima Lofts' declaratory judgment claim under the diversity

jurisdiction statute, 28 U.S.C. § 1332, which grants the federal courts jurisdiction over civil

actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of

different States." 28 U.S.C. § 1332(a)(1); *see also St. Paul Fire & Marine Ins. Co. v. Universal*

*Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (stating that "[i]t is well established that for a

case to fit within [§ 1332], there must be complete diversity" between plaintiffs and defendants (internal quotation marks omitted)).

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). A party seeking to remove a case to federal court based on diversity of citizenship has the burden of proving that diversity exists. *See CenterMark*, 30 F.3d at 301 ("Where . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (stating that "the party invoking diversity jurisdiction must demonstrate that complete diversity among the parties existed at the time removal was sought to federal court").

The notice of removal asserts that the jurisdictional amount is met, and "there exists complete diversity between the parties." (Dkt. No. 1, ¶ 16). According to the notice of removal, Defendant is "an insurance company organized and existing under the laws of the State of Ohio with a principal place of business in Cincinnati, Ohio," (*id.* ¶ 18), and according to Defendant's Corporate Disclosure Statement, it is a "non-governmental corporation and wholly owned subsidiary of Great American Insurance Company," which is a "wholly owned subsidiary of

American Financial Group, Inc.," (Dkt. No. 5, at 1).[1] Defendant indicates in the notice of removal that Plaintiff is a "limited liability company organized and existing under and by virtue of the laws of New York with its principal place of business in Albany County, New York." (Dkt. No. 1, ¶ 17; *see also* Dkt. No. 2, at 1–2 (state court complaint)).

"[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership); *see, e.g.*, *ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) (finding that "complete diversity of parties is lacking because some of the members of [the plaintiff limited liability company] are citizens of Kentucky and [the defendant] is also a citizen of Kentucky"). Here, there are no allegations in the state court complaint or in the notice of removal regarding the citizenship of the members of the Plaintiff LLC. As the notice of removal does not address Plaintiff's membership, it is insufficient to show that there is complete diversity of citizenship among the parties. *See, e.g.*, *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, 75 F. Supp. 3d 575, 584 (E.D.N.Y. 2015) (concluding that "diversity of citizenship" was not "a proper basis of subject matter jurisdiction" where the plaintiff limited liability company did "not set forth any allegations with respect to its structure or membership").

---

[1] For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and its principal place of business. *See, e.g., Double K Realty, LLC v. Peerless Indem. Ins. Co.*, No. 16-cv-30, 2016 WL 1555670, at *1, 2016 U.S. Dist. LEXIS 51243, at *3 (D. Conn. Apr. 16, 2016). Although the notice of removal does not explicitly identify Defendant's state of incorporation, only that it is "organized and existing under the laws of the State of Ohio," the Court may take judicial notice of the Ohio Secretary of State's website, which indicates that Defendant is incorporated in Ohio. *See* Ohio Secretary of State Business Search, https://businesssearch.ohiosos.gov/?=businessDetails/1052072 (last accessed May 18, 2022); *Goldman v. Barrett*, No. 15-cv-9223, 2017 WL 4334011, at *1 n.3, 2017 U.S. Dist. LEXIS 117339, at *1 n.3 (S.D.N.Y. 2017) (taking judicial notice of records from the Pennsylvania Secretary of State website concerning a defendant corporation, and collecting cases), *aff'd on other grounds* 733 F. App'x 568 (2d Cir. 2018) (summary order).

Accordingly, it is

**ORDERED** that Defendant shall file a memorandum, not to exceed fifteen pages, by June 3, 2022, showing cause why this action should not be dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that if Defendant maintains that there is complete diversity between the parties, it shall submit supporting evidence, including affidavits, identifying the citizenship of each member of the Plaintiff limited liability company, and it is further

**ORDERED** that Plaintiff may respond to Defendant's submission, with a memorandum not to exceed fifteen pages, on or before June 17, 2022.

**IT IS SO ORDERED.**

Dated: <u>May 18, 2022</u>
Syracuse, NY

Brenda K. Sannes
U.S. District Judge